IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| BANK OF THE OZARKS, as Successor in Interest to, and Assignee of, the Federal Deposit Insurance Corporation, As Receiver of the Park Avenue Bank, Valdosta, Georgia<br><br>    Plaintiff,<br><br>v.<br><br>J. WILLIAM BASS JR. AND KELLY P. BASS,<br><br>    Defendants. | CASE NO.: 1:13-cv-22 (WLS) |

**ORDER**

Before the Court is Plaintiff Bank of the Ozarks's Motion for Summary Judgment. (Doc. 19.) For the reasons that follow, the plaintiff's motion is **GRANTED in part** and **DENIED in part.**

### I.    Procedural Background

This is a breach of contract case against J. William Bass Jr. and Kelly P. Bass ("Defendants"). Plaintiff Bank of the Ozarks, as successor in interest to, and assignee of, the Federal Deposit Insurance Corporation, filed suit against Defendants on February 12, 2013, after Defendants defaulted on a $373,440 note. Because the Parties are diverse and the amount in controversy exceeds $75,000, the Court has jurisdiction under 28 U.S.C. § 1332.

On November 11, 2013, Plaintiff filed a motion for summary judgment. Defendant J. William Bass, who is a licensed attorney and who is representing himself and Kelly Bass, moved for an extension of time to file a response to the motion. The Court granted the motion. The deadline to respond to the motion has now passed without response, making the motion for summary judgment unopposed.

## II.     Statement of Facts

J. William Bass and Kelly Bass reside in Cairo, Grady County, Georgia. On May 15, 2009, they executed a promissory note ("the Note") with The Park Avenue Bank in the original principal amount of $373,440. The Parties modified the Note on April 27, 2011, extending the maturity date to March 15, 2012. Thus, the indebtedness became due and payable on March 15, 2012.

On April 29, 2011, the Superior Court of Lowndes County, Georgia appointed the Federal Deposit Insurance Corporation (FDIC) as receiver for the Park Avenue Bank. As a result, the FDIC stood in the shoes of the Park Avenue Bank. The FDIC then assigned all of The Park Avenue Bank's rights, title, and interest in Defendants' security instruments and indebtedness to Bank of the Ozarks. This assignment was filed with the Clerk of the Superior Court of Grady County.

On March 15, 2012, the Note matured and all outstanding amounts became due and payable in full. Defendants failed to meet their obligations under the Note. The Parties negotiated unsuccessfully to refinance the Note. The Note entitles Plaintiff to collect attorney's fees, not to exceed 15 percent of the principal and interest owed. Plaintiff sent Defendants notice of its entitlement to fees under O.C.G.A. § 13-1-11, and Defendants failed to pay the indebtedness within 10 days of service of the Complaint or within 10 days of the demand.  Bank of the Ozarks then filed suit.

## III.    Discussion

### a.  Summary Judgment Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990).  A fact is "material" if it is a legal element of the claim under the applicable substantive law and it might affect the outcome of the nonmoving party's

case. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Celotex Corp.*, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no genuine dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must provide "enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986)).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex Corp.*, 477 U.S. at 322–23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### b. Analysis

To establish a breach of a binding contract under Georgia law, a plaintiff has the burden of showing three elements: (1) the subject matter of the contract; (2) the consideration; and (3) mutual assent by all parties to all contract terms. *Roland v. Ford Motor Co.*, 288 Ga. App. 625, 629–30 (2007). Once the plaintiff proves the existence of a contract, he or she then must establish a breach and resultant damages. *Budget Rent-a-Car of*

3

*Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996). "A plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." *Fielbon Dev. Co. v. Colony Bank of Houston Cnty.*, 290 Ga. App. 847, 850 (2000).

In this case, the Plaintiff has established its prima facie case for the breach of contract claim. Plaintiff has provided the Note and shown that Defendants executed the Note and agreed to its terms. It is undisputed that the Note matured on March 12, 2012 and that Defendants failed to make payment. The undisputed evidence shows that Defendants owe $271,373.52 in principal, plus an additional amount in interest and attorney's fees. Defendants have not provided any defense to excuse or mitigate the non-payment. Accordingly, Plaintiff is entitled to judgment as a matter of law on its breach of contract claim.

But Plaintiff has failed to carry its burden of establishing the amount of attorney's fees. In support of its request for attorney's fees, Plaintiff points to the "COLLECTION COSTS AND ATTORNEY'S FEES" provision of the promissory note, which states: "I agree to pay all costs of collection . . . if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay any fee, not to exceed 15 percent of the principal and interest then owed, you incur with such attorney plus court costs (except where prohibited by law)." Plaintiff claims it is automatically owed 15 percent of the principal and interest because the Note sets that figure as a cap and O.C.G.A. § 13-1-11(a)(1) provides that a percentage provision is valid and enforceable. Although Section 13-1-11(a)(1) states that specific percentage provisions are valid, the Parties' Note in this case does not provide for fees in a specific percentage. Instead, the Note requires the borrower to repay fees *incurred*, not to exceed 15 percent. It would be superfluous to say fees shall "not exceed" 15 percent if, in all cases, the fee is automatically 15 percent. Thus, the Court cannot simply award fees with a "mathematical calculation."

### IV.   Conclusion

Plaintiff's Motion for Summary Judgment (Doc. 19) is **GRANTED in part** and **DENIED in part**. Within **fourteen (14) days** from the entry of this Order, Plaintiff shall

4

provide the Court with an updated accounting of the principal, interest, and charges due under the Note. The Court **DENIES** without prejudice Plaintiff's motion as it pertains to attorney's fees. The Court will entertain a renewed request for attorney's fees that complies with the applicable rules and sets forth the fees incurred in prosecuting this action.

    **SO ORDERED**, this    18th    day of June, 2014.

                                               /s/ W. Louis Sands
                                             **W. LOUIS SANDS, JUDGE**
                                             **UNITED STATES DISTRICT COURT**